AYRES, Judge.
This is a proceeding by rule to make executory a balance allegedly due on a judgment of child support. The defense is that the judgment has been paid. Defendant’s position was upheld and plaintiff’s demands rejected. From the judgment, she appealed.
In a proceeding instituted by plaintiff against defendant she was granted a divorce December 27, 1949, and he was condemned to pay $10 per week for the support of a minor son whose custody plaintiff was awarded. Payments were ordered to begin Monday, January 2, 1950, and to continue on Monday of each week thereafter. Plaintiff alleges no payments have been made since February 1, 1955. However, a series of checks in varying amounts was offered in evidence. One of the checks, dated January 12, 1962, was in the sum of $1,800. On that date, plaintiff, by notarial act, acknowledged that an additional sum of $1,800 had been paid in cash. The amount of the check and cash, $3,600, was calculated to pay for the minor’s support for 360 weeks, that is, until he attained his majority.
Confronted with evidence of these payments, plantiff contended' that defendant could not, through contract, relieve himself of his obligation to support his child. This contention is without merit; in fact, defendant makes no such claim. His position is that he paid the judgment in full during the child’s minority and that he is no longer required to make such payments. Many of these payments were made be *782 fore due date. Plaintiff is without right to complain where payments were made in advance.
The judgment appealed is affirmed at plaintiff-appellant’s costs.
Affirmed.